UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DAVID E. JOHNSON, | ) | |
|---|---|---|
| | ) | Case No. 1:25-cv-69 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| JENNY COOPER, TULL MALONE, VICKY AFISON, QUALITY CORRECTIONAL HEALTH CARE, and LINCOLN COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff David E. Johnson, a prisoner housed at the Lincoln County Jail, has filed a (1) complaint under 42 U.S.C. § 1983 (Doc. 2) and (2) motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper, **DISMISSES** all claims and Defendants, and **PERMITS** Plaintiff an opportunity to file an amended complaint.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*id.*) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983

### B. Plaintiff's Allegations

Plaintiff has been housed in the Lincoln County Jail for over two months, and he has not received any medication to treat his high blood pressure (Doc. 2, at 5). Plaintiff has taken blood pressure medication for over ten years (*id.*). After experiencing headaches, dizziness, blackouts, and stress, Plaintiff put in a sick call request (*id.*). Nurse Emma Minor told Plaintiff that he would see Dr. Jenny Cooper, who is employed by Quality Correctional Health Care ("QCHC"), in a week when she visited the facility (*id.*). Dr. Cooper came to the facility, but Plaintiff never saw her (*id.*). Instead, "[s]he"—presumably Nurse Minor—told Plaintiff that Dr. Cooper "had already c[o]me . . . and that she took [him] off [his] medication" indefinitely (*id.*). "She" said "that some people w[ea]n t[hem]selves of[f] the[i]r[] medication" (*id.* at 3). But Plaintiff "know[s] they didn't want to pay for it" (*id.*).

3

Medical personnel charge inmates $10 to $15 "just to come to medical and complain" about illness (*id.* at 4). Plaintiff does not understand how "you can get out of jail here for 5 years owing a bill [and] come back . . . 8 years later, and they will still take your money off your . . . account" (*id.*).

Plaintiff has been given "an excessive bond" by Sheriff Tull Malone and "feel[s] like they are showing prejudice against [him]" (*id.* at 4, 5). Sheriff Malone is "all behind this" racial discrimination and knows inmates are "being mistreated" but does nothing "about the problem" (*id.*).

Administrator Vicky Afison sees all the mail that comes in and out of the facility, and she knows that inmates get § 1983 packets for lawsuits (*id.* at 4). Even so, she refused to tell Plaintiff the QCHC doctor's name when he asked her (*id.* at 4, 6). Plaintiff eventually got Dr. Cooper's name from another inmate (*id.* at 2).

Aggrieved, Plaintiff filed this action against Defendants Dr. Jenny Cooper, Sheriff Tull Malone, Administrator Vicky Afison, QCHC, and the Lincoln County Sheriff's Department, seeking "help" for the pain and suffering caused by his lack of access to blood pressure medication and his experiences with "racial dis[c]rimination" and "cruel and unusual punishment" (*id.* at 7).

    **C.    Analysis**

Because Plaintiff states that he has been denied bond, the Court presumes he is a pretrial detainee protected by the Fourteenth Amendment to the United States Constitution. *See Westmoreland v. Butler Cnty.*, 29 F.4th 721, 726 (6th Cir. 2022). The Fourteenth Amendment's Due Process Clause protects detainees from being "punished prior to an adjudication of guilt[,]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

4

Case 1:25-cv-00069-TRM-CHS    Document 5    Filed 04/03/25    Page 4 of 13    PageID #: 20

(quoting U.S. Const. amend VIII). And while a plaintiff must establish a "deliberate indifference" to his rights to state a claim under either Amendment, the Eighth Amendment's standard is more rigorous, as a prisoner must allege facts meeting both an objective element of seriousness and a subjective element of conscious culpability under that test. *See Westmoreland*, 29 F.4th at 726, 728. Under the Fourteenth Amendment, however, the subjective element of the test is modified such that a detainee "need only make 'an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly.'" *Davis v. Chorak*, No. 22-1839, 2023 WL 2487339, at *2 (quoting *Westmoreland*, 29 F.4th at 729).

### 1. Individual Defendants

To state a claim against Sheriff Malone, Administrator Afison, and/or Dr. Cooper in their respective personal capacities, Plaintiff must adequately plead that each Defendant, by his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). That is, constitutional liability cannot attach to a Defendant solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). The Court addresses Plaintiff's claims against these individual Defendants with these considerations in mind.

#### a. Sheriff Tull Malone

Plaintiff maintains that Sheriff Malone gave him "an excessive bond" and is "all behind this" racial discrimination that permits the mistreatment of inmates (Doc. 2, at 4, 5).

The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects a detainee from an excessive bail (or bond) amount. *See* U.S. Const. Amend. VIII (providing that "[e]xcessive bail shall not be required"); *Timbs v. Indiana*, 586 U.S. 146, 150 (2019) (holding "Excessive Fines Clause" is applicable to States under Fourteenth Amendment). A bond is considered excessive if it is higher than is reasonably necessary to secure the defendant's presence at trial. *See Fields v. Henry Cnty.,* 701 F.3d 180, 184 (6th Cir. 2012) (citation omitted). Here, Plaintiff has not demonstrated that any named Defendant was responsible for setting his bond amount, and the Court notes that function is typically performed by a judicial official rather than a sheriff. *See, e.g., Stack v. Boyle*, 342 U.S. 1, 5 (1951) (finding "the judge is not free to make the sky the limit" in setting bail). Also, Plaintiff has not identified any factors—such as his flight risk or criminal history—that would inform whether the amount set for his bond was excessive. Therefore, Plaintiff has failed to raise more than a speculative right to relief. *See Twombly*, 550 U.S. at 555; *see also* Tenn. Code Ann. § 40-11-118 (setting forth factors to be considered in setting bail bond). Accordingly, Plaintiff's allegations are insufficient to state a cognizable claim for excessive bond, and this claim will be dismissed.

As to Plaintiff's claim of racial discrimination, the Court considers whether his allegations are sufficient to raise a colorable equal protection claim. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. And "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). To establish a race-based equal protection claim, a prisoner must show that "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his

discriminatory treatment was based on . . . race." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)). To satisfy this standard, Plaintiff must be "similarly situated" to his comparators in "all relevant respects." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'").

Here, Plaintiff alleges only the conclusion of racial discrimination. Plaintiff does not allege that he is a member of a protected class. He does not demonstrate that he suffered disparate treatment as compared to others similarly situated to him. And "vague, conclusory allegations of racial discrimination are not enough to state an equal protection claim." *Jackson v. Madery*, 158 F. App'x 656, 659 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). Therefore, Plaintiff's conclusory allegation that he was denied equal protection fails to state a § 1983 claim and will be dismissed.

Because all the claims against him fail to state a claim for relief, Sheriff Malone will also be dismissed from this action.

### b. Administrator Vicky Afison

Plaintiff complains that Administrator Afison refused to tell him the QCHC doctor's name, even though she knows that inmates get § 1983 packets to file lawsuits (Doc. 2, at 4, 6). However, the Court is not aware of any constitutional right for a prisoner to be provided the name of a physician upon demand. Therefore, the Court construes this allegation as raising an access-to-courts claim. To succeed on such a claim, Plaintiff must demonstrate that he was prevented from pursing a legal claim, or that he lost the ability to pursue some avenue of relief, due to Defendant Afison's conduct. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil

7

rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."). However, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, only an action attacking a conviction, directly or collaterally, or in a civil rights action challenging his conditions of confinement. *Lewis*, 518 U.S. at 354.

Plaintiff has not demonstrated that he was in any way prejudiced by Defendant Afison's refusal to tell him Dr. Cooper's name, and the fact of this lawsuit indicates that he was not prejudiced. Accordingly, the Court will dismiss this claim and Defendant Afison.

### c. Dr. Jenny Cooper

Plaintiff maintains that Dr. Cooper took him off his blood pressure medication without first seeing him, and the only explanation provided to Plaintiff was that some people are able to wean themselves off medication (Doc. 2, at 5, 3).

A pretrial detainee states a claim that his right to constitutionally adequate medical care was violated by showing that (1) he had a sufficiently serious medical need to which (2) the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted) (alterations in original). As to the first component, a medical need is deemed sufficiently serious if it has been diagnosed by a doctor as requiring treatment or is so obvious that even a lay person would recognize the need for medical attention. *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022) (internal quotation marks and citation omitted). A defendant displays the requisite culpability to satisfy the second component when her "'action (or lack of action) was intentional (not accidental) and she either (a) acted intentionally to ignore [the detainee's] serious medical

8

Case 1:25-cv-00069-TRM-CHS    Document 5    Filed 04/03/25    Page 8 of 13    PageID #: 24

need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee." *Id.* (citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021)).

The Court assumes for present purposes that high blood pressure is a serious medical need. But blood pressure is not permanent, and Plaintiff does not state that he has been denied blood pressure tests, or that he has received blood pressure tests and his blood pressure is currently high. And Plaintiff states in his complaint that Nurse Emma Minor told Plaintiff that Dr. Cooper concluded that some people can wean themselves off their medication, suggesting that a medical decision was made at some point that Plaintiff's blood pressure was not sufficiently elevated to require medication. The complaint is too devoid of factual enhancement to determine whether Dr. Cooper's decision was the result of recklessness, negligence, or reasoned medical judgment. And because mere lack of treatment is insufficient to state a claim for the denial of constitutionally adequate medical care, Plaintiff fails to state a cognizable § 1983 claim against Dr. Cooper. Therefore, this claim, and Dr. Cooper, will be dismissed.

Even so, because it is possible Plaintiff may be able to state a colorable claim if permitted to amend, the Court will permit Plaintiff an opportunity to amend this claim to attempt to set forth facts that render a denial-of-medical-care claim plausible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### 2. Entity Defendants

Plaintiff has named the Lincoln County Sheriff's Department and QCHC as Defendants in this action (*see generally* Doc. 2). But a sheriff's department is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal

9

Case 1:25-cv-00069-TRM-CHS  Document 5  Filed 04/03/25  Page 9 of 13  PageID #: 25

courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Therefore, the Lincoln County Sheriff's Department will be dismissed.

Lincoln County, however, is a suable entity. And QCHC is also presumably a proper Defendant, as where a private entity contracts with the state to perform a traditional state function (such as providing medical care at a county jail), it acts under color of state law and may be sued under 42 U.S.C. § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). But to hold either of these entities liable, Plaintiff must demonstrate that "a policy or well-settled custom of the company [or County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011); *Monell*, 436 U.S. at 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, the Court considers whether Plaintiff has stated a claim against Lincoln County or QCHC.

Plaintiff complains that (1) inmates are charged for medical visits even though no action is taken; (2) inmates' accounts are charged for medical debts left owing from prior incarcerations at the Lincoln County Jail; and (3) he did not receive his blood pressure medication because he "know[s] they didn't want to pay for it" (Doc. 2, at 3, 4). It is unclear whether the charges for medical services are levied by Lincoln County or QCHC, and it is also unclear which entity Plaintiff maintains did not want to pay for his blood pressure medication. The Court finds it need not determine those issues, however, as Plaintiff fails to state a claim against either Lincoln County or QCHC.

10

"The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). But there is no requirement that jails provide medical care free of cost. *See Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3rd Cir. 1997) (holding deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society); *Bailey v. Carter*, 15 F. App'x 245, 250–51 (6th Cir. 2001) (holding policy requirement of payment for medical services, where funds are available, does not violate an inmate's constitutional rights); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation). Therefore, charging Plaintiff for medical services (or recouping costs from services rendered from a prior incarceration) is not a constitutional violation.

This leaves Plaintiff's assertion that "they" did not want to pay for his blood pressure medication. Plaintiff offers no facts to support this assertion. And "naked assertions devoid of further factual enhancement" is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks and alterations omitted); *see also Smith v. Gen. Motors, LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (holding complaints made "on information and belief" cannot rest on conclusory allegations, but rather, "must set forth a factual basis for such belief"). Therefore, this claim is impermissibly conclusory and must be dismissed.

11

Accordingly, Plaintiff has not alleged any facts that allow a plausible inference that his constitutional rights were violated because of some official policy or custom of either Lincoln County or QCHC. These Defendants will be dismissed.

### 3. Opportunity to Amend

As stated above, the Court will provide Plaintiff an opportunity to amend his complaint to attempt to set forth a plausible claim that his right to constitutionally adequate medical care has been denied. **If** Plaintiff desire to proceed on such a claim, he **must** file an amended complaint within fourteen (14) days of entry of this Order that contains a short and plain statement of specific facts setting forth exactly how his constitutional rights were violated and the specific party(ies) responsible for that violation. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint, but rather, he must tell the Court exactly what transpired during his visits with medical staff and when those visits occurred. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA,

which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. All Defendants and claims are **DISMISSED** for Plaintiff's failure to state a claim upon which relief may be granted;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above **only if** he desires to further pursue this action;

7. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**